**Russell T. Brown, Esq.**
**FERRO LABELLA & ZUCKER L.L.C.**
**The Landmark Building**
**27 Warren Street, Suite 201**
**Hackensack, New Jersey 07601**
**(201) 489-9110**
**Attorneys for Defendant,**
**Mastix Medica, LLC**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NESTLÉ HEALTH SCIENCES S.A., and CM&D PHARMA LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>MASTIX MEDICA, LLC,<br><br>Defendant. | Civil Action No.:  2:13-cv-05072 (SRC-CLW)<br><br>**DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendant Mastix Medica, LLC ("Mastix"), a Maryland limited liability company, by and through its undersigned counsel, hereby responds to plaintiffs Nestlé Health Science S.A. ("Nestle") and CM&D Pharma Limited's ("CM&D") Complaint as follows:

## NATURE OF THE ACTION

1. Paragraph 1 under section heading "Nature of the Action" recites Plaintiffs' characterization of the basis of the Complaint, to which no response is necessary.

## THE PARTIES

1. Mastix is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 under section heading "The Parties," and accordingly denies the allegations of this paragraph 1.

2. Mastix is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and accordingly denies the allegations of paragraph 2.

3. Mastix is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and accordingly denies the allegations of paragraph 3.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. Denied except that Mastix admits that it has advertised and promoted its products in New Jersey and that this Court has personal jurisdiction over Mastix.

7. Denied, except that Mastix admits that RenaGum is offered for sale in this Judicial District.

8. Admitted

## NESTLÉ'S INTERACTIONS WITH MASTIX

9. Mastix admits that, at some time prior to July 17, 2013, it became aware of the U.S. Patent 7,815,898 (the "'898 Patent"). Mastix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and accordingly denies the remaining allegations of paragraph 9.

10. Admitted.

11. Mastix admits that at some time prior to July 17, 2013, it engaged Royal W. Craig at the law firm of Ober, Kaler, Grimes & Shriver, P.C. in Baltimore Maryland. Mastix objects to paragraph 11 to the extent it relates to attorney-client privileged information and accordingly denies the remaining allegations of paragraph 11.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. The content of the July 17, 2013 letter speaks for itself. Mastix denies the characterizations and assertions contained in this paragraph that do not consist of direct quotes from the July 17, 2013 letter.

17. Mastix admits that Nestlé responded to the July 17, 2013 letter with a letter dated July 25, 2013, but denies that Nestlé's July 25, 2013 letter requested additional information to enable Nestlé to fully assess whether Mastix's contemplated sales would be in violation of the '898 Patent.

18. Denied.

19. Mastix admits that at least as early as August 8, 2013, it announced the availability of RenaGum. Mastix denies any remaining characterizations or allegations of paragraph 19.

20. Mastix admits that Nestlé, by outside counsel, sent a letter dated August 19, 2013. Mastix denies the remaining allegations of paragraph 20.

21. The content of the August 19, 2013 letter speaks for itself. Mastix denies the characterizations and assertions contained in this paragraph that do not consist of direct quotes from the August 19, 2013 letter.

22. The content of the August 19, 2013 letter speaks for itself. Mastix denies the characterizations and assertions contained in this paragraph that do not consist of direct quotes from the August 19, 2013 letter.

23. Mastix denies that it has made any infringing sales and, therefore, denies that it had any obligation or need to inform Nestlé that it has terminated any sales.

### MASTIX'S PROMOTION OF RENAGUM

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Mastix admits that RenaGum is a chewing gum as opposed to a pill. Mastix further admits that as a chewing gum, RenaGum does not add to the pill burden some patients already take with their meals. Mastix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29, and accordingly denies the remaining allegations of paragraph 29.

30. Mastix admits that it applies a label to RenaGum instructing the user. The content of the label speaks for itself. Mastix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30, and accordingly denies the remaining allegations of paragraph 30.

### **FIRST CLAIM: INFRINGEMENT OF U.S. PATENT NO. 7,815,898**

31. Mastix incorporates by reference paragraphs 1 through 30 above, as though fully set forth herein.

32. Mastix denies the allegations of paragraph 32, except that it admits that a copy of the '898 Patent was attached to the Complaint as Exhibit A.

33. Mastix is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and accordingly denies the allegations of paragraph 33.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Mastix denies all allegations to which a response has not otherwise been provided.

WHEREFORE, Mastix demands judgment dismissing the Complaint and for such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs failed to state a claim upon which relief can be granted

### Second Affirmative Defense

Plaintiffs are estopped from making the claims alleged in the Complaint.

### Third Affirmative Defense

Plaintiffs' allegations are barred by the doctrine of waiver and acquiescence.

### Fourth Affirmative Defense

Plaintiffs' Complaint is barred by the doctrine of laches.

### Fifth Affirmative Defense

Plaintiffs' Complaint is barred as a result of Plaintiffs' unclean hands.

### Sixth Affirmative Defense

Plaintiffs' Complaint is barred by Plaintiffs' failure to mitigate their damages.

### Seventh Affirmative Defense

The claims of the '898 Patent are invalid because they fail to comply with the requirements of 35 U.S.C. §101 *et seq*., including without limitation, sections 101, 102, 103 and 112.

### Eighth Affirmative Defense

Mastix does not infringe and has not infringed (directly, jointly, contributorily, by inducement, or under the Doctrine of Equivalents) the claims of the '898 Patent.

### Ninth Affirmative Defense

Mastix had no intent to induce infringement of any of the patents-in-suit.

### Tenth Affirmative Defense

Mastix's products and services are suitable for substantial non-infringing uses.

### Eleventh Affirmative Defense

The patents-in-suit are unenforceable.

### Twelfth Affirmative Defense

Mastix reserves the right to supplement its affirmative defenses as additional facts are discovered prior to trial.

                FERRO LABELLA & ZUCKER L.L.C.
                The Landmark Building
                27 Warren Street, Suite 201
                Hackensack, New Jersey 07601
                (201) 489-9110
                Attorneys for Defendant,
                Mastix Medica, LLC

                By:   /s/ Russell T. Brown, Esq.
                      Russell T. Brown, Esq.

Dated: November 12, 2013

## COUNTERCLAIMS

1. Mastix Media, LLC ("Mastix" or "Counterclaim-Plaintiff"), for its counterclaims against Nestlé Health Science S.A. ("Nestlé") and CM&D Pharma Limited's ("CM&D") (collectively "Counterclaim-Defendants"), alleges as follows:

### THE PARTIES

2. Mastix is a limited liability company duly organized and existing under the laws of the state of Maryland, with its principal place of business at 10711 Gilroy Road, Hunt Valley, MD 21031.

3. Nestlé is a Swiss corporation with a principal place of business in the United States at 12 Vreeland Road, Florham Park., New Jersey, 07932.

4. CM&D is a British corporation with a principal place of business in London, England; and is a wholly-owned subsidiary of Nestlé.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), because this action arises under the patent laws of the United States.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because a substantial part of the events giving rise to the claims occurred in this District, Counterclaim-Defendants transacts business in this District, and Counterclaim-Defendants have availed themselves of this Court's jurisdiction for purposes of their affirmative claims in this action.

7. This Court has personal jurisdiction over Counterclaim-Defendants because Counterclaim-Defendants transact business in this District and have availed themselves of this Court's jurisdiction for purposes of Counterclaim-Defendants' affirmative claims in this action.

### BACKGROUND

8. Counterclaim-Defendants have alleged in this action that they own the patent-in-suit, U.S. Patent Nos. 7,815,898 ("the '898 Patent").

9. Counterclaim-Defendants have alleged in this action that Mastix has infringed and continues to infringe one or more claims of the '898 Patent.

10. An actual and justiciable controversy exists between Mastix and Counterclaim-Defendants.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,815,898

11. Mastix repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

12. The claims of the '898 Patent are invalid because they fail to comply with the requirements of 35 U.S.C. §101 *et seq.*, including without limitation, sections 101, 102, 103 and 112.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,815,898

13. Mastix repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

14. Mastix does not infringe and has not infringed (directly, jointly, contributorily, by inducement, or under the Doctrine of Equivalents) any of the claims of the '898 Patent.

WHEREFORE, Defendant/Counterclaim-Plaintiff Mastix Medica, LLC prays for relief as follows:

A. That the Complaint be dismissed with prejudice;

B. That Counterclaim Defendants take nothing by reason of the Complaint against Mastix and that judgment be in Mastix's favor;

C. That the claims of the '898 Patent be declared invalid;

D. That the claims of the '898 Patent be found not to be infringed by Mastix;

E. That Mastix recover its costs and attorney's fees; and

F. For such other and further relief as the court may deem just and proper.

        FERRO LABELLA & ZUCKER L.L.C.
        The Landmark Building
        27 Warren Street, Suite 201
        Hackensack, New Jersey 07601
        (201) 489-9110
        Attorneys for Defendant,
        Mastix Medica, LLC

        By: /s/ Russell T. Brown, Esq.
          Russell T. Brown, Esq.

Dated: November 12, 2013

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

I hereby certify that to the best of my knowledge, the above-captioned matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

        FERRO LABELLA & ZUCKER L.L.C.
        The Landmark Building
        27 Warren Street, Suite 201
        Hackensack, New Jersey 07601
        (201) 489-9110
        Attorneys for Defendant,
        Mastix Medica, LLC

        By: /s/ Russell T. Brown, Esq.
          Russell T. Brown, Esq.

Dated: November 12, 2013